## LOID *v.* THE STATE.

An indictment under the general local option law, which charges the accused with selling " alcoholic, spirituous and intoxicating liquors, to wit, whisky, brandy, rum, gin, ale, lager-beer, and wine, and other drinks which if drunk to excess will produce intoxication," is not sustained by proof that the accused sold one half-gallon of blackberry wine made by him on his premises.

Argued June 20, — Decided July 18, 1898.

Indictment for selling liquor. Before Judge Hart. Laurens superior court. April 4, 1898.

*Alex. Akerman, J. B. Hicks* and *H. P. Howard,* for plaintiff in error. *H. G. Lewis, solicitor-general,* by *Anderson, Felder & Davis,* contra.

LEWIS, J. The special presentment in this case charged that the accused, on a day named, in the county of Laurens, " did for a valuable consideration sell alcoholic, spirituous and intoxicating liquors, to wit, whisky, brandy, rum, gin, ale, lager-beer, and wine, and other drinks which if drunk to excess will produce intoxication, to said jurors unknown." This presentment was evidently based upon that provision in the general local option law embraced in section 1548 of the Political Code,

which declares: "If a majority of the votes cast at any election, held as by this chapter provided, shall be against the sale, it shall not be lawful for any person within the limits of such county to sell or barter for valuable consideration, either directly or indirectly, or give away to induce trade at any place of business, or furnish at any other public places, any alcoholic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks which if drunk to excess will produce intoxication." And also upon that provision in section 451 of the Penal Code which declares that "Any person violating any provision of the local option law as embraced in sections 1541 to 1550, inclusive, of the Civil Code [Political Code], shall be guilty of a misdemeanor." Under the evidence in this case, as set forth in the petition for certiorari, the accused was convicted of selling a domestic wine in quantities of a quart or more, made by him upon his premises. The sale of such wine is, by the local option law, expressly excepted from its operation; the only restriction placed upon its sale being that it shall not be sold in barrooms by retail. See Political Code, § 1549. There is not only no charge in the indictment that the wine was sold in barrooms by retail, but there was no proof of such fact on the trial of the case. Since the passage of the local option law, the legislature, by the act of 1887 (Political Code, § 1521), has declared, that in every county where the sale of spirituous and intoxicating liquors has been prohibited, with exceptions in relation to any kind of wines, a tax of ten thousand dollars shall be annually levied and collected from dealers in domestic wines or other intoxicants, not prohibited as aforesaid; but this act contains an exception in the proviso, that it shall not be so construed as to levy a tax on dealers in or producers of wines manufactured from grapes or berries purchased by them or grown on lands owned, leased or rented by said dealers; the act further providing that said wines shall not be sold in quantities less than one quart, and shall not be drunk on the premises where sold. The same act (Penal Code, § 450) provides that "Any person who shall deal in domestic wines or other intoxicants in violation of law, and shall fail or refuse to pay the tax imposed by law, shall be guilty of a misde-

meanor." But the presentment in this case was not under this statute, as there is no charge of a sale of domestic wines without license, or without paying the tax thereon. Nor is there any charge that the wine was drunk on the premises where sold, and even if there was, the proof does not sustain that charge. The presentment, therefore, evidently contemplated the sale of intoxicating liquors other than domestic wines; and the proof utterly failing to sustain the charge, the verdict was contrary to law and evidence.

*Judgment reversed. All the Justices concurring.*